In re Dennis P. CLARKE, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 54353).

No. 11–BG–1043.

District of Columbia Court of Appeals.

Decided Oct. 13, 2011.

Before FISHER, Associate Judge, REID, Associate Judge, Retired, and NEBEKER, Senior Judge.

ORDER

PER CURIAM:

Before this division of the court is the report and recommendation of an *Ad Hoc* Hearing Committee recommending approval of a petition for negotiated attorney discipline. *See* D.C. Bar R. XI, § 12.1. According to the petition jointly filed by respondent, Dennis P. Clarke, and Bar Counsel, on February 11, 2011, respondent stipulated to inflating billable rates for associate attorneys and paralegals that provided legal services to an individual client.[1] Respondent mitigated his conduct by taking full responsibility, demonstrating remorse, self-reporting the conduct, and fully cooperating with Bar Counsel. Moreover, respondent has practiced over forty-five years in this jurisdiction without a prior disciplinary incident and respondent's former law firm refunded the over-billed amount to the client. As a result of this conduct, respondent has faced significant private consequences including the loss of his equity partner status. Although respondent left the firm and works for a different law firm, the client has subsequently hired respondent to perform additional legal work on its behalf. As a result of respondent's conduct, the agreed upon

---

1. Respondent engaged in conduct involving dishonesty, fraud, deceit and/or misrepresentation in violation of Rule 8.4(c) of the District of Columbia Rules of Professional Conduct.

sanction is a ninety-day suspension from the practice of law, with all but thirty days stayed, followed by two years of probation with conditions.

■ After consideration of the report and recommendation of the *Ad Hoc* Hearing Committee and in accordance with our procedures in uncontested disciplinary cases, we agree that this case is appropriate for negotiated discipline and accept the Committee's report and recommendation approving the petition for negotiated discipline. The *Ad Hoc* Committee reviewed the circumstances of the disciplinary events, properly weighed the mitigating factors, and found that the negotiated discipline falls within the range of discipline imposed for similar actions.[2] Accordingly, it is

ORDERED that Dennis P. Clarke is suspended from the practice of law in the District of Columbia for the period of ninety days, with all but thirty days of the suspension stayed, followed by two years of probation during which respondent must not be found to have violated any Rules of Professional Conduct. *See* D.C. Bar R. XI, § 14(f). If, however, a new investigation of alleged ethical misconduct is filed against respondent from the beginning of the period of suspension until conclusion of the two-year probationary period, and any such investigation results in a finding that respondent violated the Rules of Professional Conduct, respondent will be required to serve the remaining sixty days of the suspension consecutively to whatever sanction may be imposed against him in the new matter or matters. Since respondent has not filed the affidavit required by D.C. Bar Rule XI, § 14(g), we direct his attention to the requirements of that rule and their effect on his eligibility

for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*

---

**2.** *See In re Scanio,* 919 A.2d 1137 (D.C.2007) (imposing a thirty-day suspension for perhaps less egregious behavior but without similar mitigating factors); and *In re Bikoff,* 748 A.2d 915 (D.C.1995) (imposing a sixty-day sanction for similar conduct).